UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11248 RGL

| | |
|---|---|
| DISABILITY LAW CENTER, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| KENNEDY-DONOVAN CENTER, INC., | ) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### I. INTRODUCTION

1. In its role as the designated Protection and Advocacy agency for people with disabilities in the Commonwealth of Massachusetts, Plaintiff, the Disability Law Center, Inc. ("DLC"), received information concerning serious allegations of abuse and neglect by staff against students at the Kennedy-Donovan Center School ("KDC School") in New Bedford, Massachusetts. Pursuant to its authority under the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15001, *et. seq.*, DLC sought certain documents and information from the Defendant, Kennedy-Donovan Center, Inc. ("KDC"), to enable DLC to complete an investigation which DLC is mandated to do pursuant to its Protection and Advocacy authority and duties. KDC has refused to provide those documents, citing privacy concerns.

2. This action seeks injunctive and declaratory relief pursuant to 42 U.S.C. § 15001, *et. seq.*, to compel KDC to release to DLC a list of guardians and their contact information for all children and adolescents who have attended the KDC School from January 2001 to the present,

as well as materials relating to an internal investigation at the KDC School concerning serious allegations of abuse and neglect by staff against students. KDC has refused to provide DLC with a list of guardians and their contact information, citing privacy issues under federal and state law. KDC's refusal to release these records prevents DLC, as the federally designated Protection and Advocacy System for people with disabilities in the Commonwealth of Massachusetts, from fulfilling its statutory mandate of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with developmental disabilities.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because it involves a federal question. The actions of KDC also deny current and former students their right to Protection and Advocacy services from DLC, including the investigation of allegations of abuse and neglect. Declaratory relief is sought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 and § 2201 because the main office of KDC is located within this District in Foxboro, Massachusetts.

## III. PARTIES

5. Plaintiff, Disability Law Center, Inc., is a private non-profit Massachusetts corporation mandated by Congress and designated by the Governor of the State of Massachusetts to provide protection and advocacy services to individuals with developmental disabilities, pursuant to 42 U.S.C. § 15001 *et seq.* As part of this mandate, DLC is authorized to investigate incidents of alleged abuse, neglect, and civil rights violations of persons with developmental disabilities within the State of Massachusetts.

6. Defendant, Kennedy-Donovan Center, Inc., a Massachusetts business entity, provides community-based services for infants, children, and adults with developmental disabilities. KDC's main office is located at One Commercial Street, Foxboro, Massachusetts, 02035. The Kennedy-Donovan Center School, located at 19 Hawthorn Street, New Bedford, Massachusetts, is an approved private special education day school providing education, therapy, and support for children ages 3-22 with multiple developmental disabilities. All of the allegations of abuse and illegal restraint are focused on the private day school.

## IV. FACTUAL ALLEGATIONS

7. In November 2002, Venilde Cabral, mother of Kristen Cabral, a former KDC School student, contacted DLC concerning her daughter's special education needs. During the course of DLC's investigation of the special education matter, Mrs. Cabral informed the Disability Law Center about incidents of alleged abuse and neglect against her daughter that occurred while her daughter was attending the Kennedy-Donovan Center School from approximately February 26, 2001 to August 1, 2002. The actions of Mrs. Cabral in contacting DLC constituted a complaint to the Protection and Advocacy System, pursuant to 42 U.S.C. § 15043(a)(2)(B).

8. During the investigation of Kristen Cabral's special education matter, Mrs. Cabral provided DLC with the names of five former KDC School employees who resigned from the Kennedy-Donovan Center School in New Bedford, Massachusetts, beginning on July 31, 2002 and subsequently thereafter through the end of August, 2002.

9. In particular, DLC received as part of its records request from the parent, a resignation letter dated July 30, 2002, from former KDC School teacher, Patricia Campbell. According to her letter, Ms. Campbell left the Kennedy-Donovan Center School due to "staff violating the

human rights of [her] students." Ms. Campbell also stated in her resignation letter that she and "other staff members in the building [had] reported instances of students being restrained improperly, changed in public, denied food and beverage at scheduled snack times and threatened to deny children food and beverage."

10. Based on information and belief, in response to Ms. Campbell's resignation letter, a team from KDC headquarters in Foxboro, Massachusetts, conducted an internal investigation surrounding the allegations of abuse and neglect outlined in Ms. Campbell's letter.

11. To date, DLC has been unable to obtain a copy of the KDC internal investigation report or any Corrective Action Plan which may have followed such a report. DLC, therefore, is unable to determine whether or not the investigation was adequately conducted, whether students are still at risk, and whether there are appropriate procedures in place to prevent further incidents of abuse and neglect.

12. DLC investigated the allegations of abuse and illegal restraint which Ms. Campbell delineated in her letter by interviewing Ms. Campbell and the four other former employees. DLC staff interviewed, in-person, each former employee between the periods of October 10, 2003 to November 21, 2003. Each of the people interviewed corroborated the allegations.

13. In reviewing the information, DLC determined that probable cause existed to believe that students at the KDC School have been, and may still continue to be, victims of abuse and illegal restraint, as that term is defined in the DD Act.

14. DLC informed KDC of its findings of probable cause and subsequently requested through a series of correspondence between the dates of December 17, 2003 and February 25, 2004, that KDC provide DLC certain documents and information in order for DLC to continue

and complete its own investigation, including a list of guardian contact information, an evaluation of KDC's internal investigation, and any remedial plan developed by KDC concerning the allegations of abuse and neglect. DLC identified its legal authority to receive and review the requested documents and information pursuant to 42 U.S.C. §15043 and 45 C.F.R. §1386.22, as well as supporting case law.

15. KDC declined to provide DLC access to names of guardians, as well as their contact information for all students attending KDC's private day school, stating that such release of records would violate both state and federal statutes and regulations dealing with disclosure of student information.

16. DLC's efforts to obtain the information and records through direct negotiation with KDC were ultimately unsuccessful. Since DLC is currently unable to obtain a list of guardians and their contact information and other records, it is unable to determine:

a. whether the investigation was adequately conducted;

b. the nature and extent of past allegations and whether they are currently continuing;

c. whether any remedial plan which may have been developed by KDC concerning the allegations of abuse and neglect was effective;

d. whether the KDC School staff who perpetrated the alleged abuses are still employed by KDC;

e. whether students' rights to be free from abuse and illegal restraint are protected; and

f. whether there are appropriate procedures in place to prevent incidents of abuse and neglect.

As a result, DLC cannot meet its statutory obligation to provide "protection and advocacy"

services to current and former KDC school students, pursuant to 42 U.S.C. §15001 *et seq*.

## IV. CLAIM FOR RELIEF

## DEVELOPMENTAL DISABILITIES ASSISTANCE AND BILL OF RIGHTS ACT

17. Plaintiff realleges and incorporates by reference paragraphs 1-16 of the Complaint.

18. When Congress enacted the DD Act, 42 U.S.C. § 15001 *et seq.*, it found that individuals with developmental disabilities in facilities such as the Kennedy-Donovan Center School are vulnerable to abuse and neglect. The DD Act mandates that designated Protection and Advocacy systems such as the Disability Law Center have access to those individuals and their records. The P&A system is a nationwide network of disability rights agencies, which are mandated and designated for every state and territory of the United States of America, under the DD Act, to investigate and remedy abuse and neglect of persons with developmental disabilities, and provide them with legal representation and advocacy services. See, e.g., 42 U.S.C. § 15043 (a)(2)(A)(i). The DD Act does not limit P&A investigative access rights to any particular setting. The DD Act gives the P&A authority to ensure the protection of the rights of any individual with a developmental disability within the state, without regard to his or her living arrangement or location in which services are provided. 42 U.S.C. § 15043(a)(2)(A)(i).

19. As part of its Congressional mandate, the DLC is authorized to:

a. investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the P&A, or if there is probable cause to believe that the incidents occurred. 42 U.S.C. § 15043(a)(2)(B); and

b. pursue administrative, legal and other appropriate remedies on behalf of people with developmental disabilities, to ensure their protection. 42 U.S.C. § 15043(a)(2)(A)(i).

20. Defendant, KDC, has violated and continues to violate the rights of the Plaintiff to have access to information and records and to pursue legal remedies on behalf of individuals with developmental disabilities, as guaranteed by the Developmental Disabilities Assistance and Bill of Rights Act.

21. Due to KDC's refusal to comply with access provisions of the DD Act, DLC has suffered, and will continue to suffer irreparable harm for which there is no remedy at law, as it is prevented from carrying out one of its core responsibilities: "investigat[ing] incidents of abuse and neglect of individuals with developmental disabilities." 42 U.S.C. § 15043.

22. Unless KDC is enjoined to provide the documents and information requested by DLC, students at the KDC School may continue to be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Set this matter for hearing on Plaintiff's request for a preliminary injunction;

(2) Both preliminarily and permanently order Defendant KDC to provide DLC with the guardian contact information and other requested records, and to otherwise cooperate with DLC's efforts to carry out its statutory duties with respect to investigating the allegations of abuse and neglect.

(3) Both preliminarily and permanently enjoin KDC from interfering, in any way, with DLC's investigation of the allegations of abuse and neglect.

(4) Declare that the failure of KDC to provide information and records to DLC, thereby preventing Plaintiff from carrying out its statutory duties to investigate the allegations of abuse and neglect, violates the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C.

§ 15001 *et seq.*

(5) Declare that DLC is authorized to represent current and/or former students concerning issues of abuse and illegal restraint.

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: 6/8/04

Janine A. Solomon, BBO #567964
Disability Law Center, Inc.
11 Beacon Street, Suite #925
Boston, MA 02108
(617) 723-8455

Matthew Engel, BB0 #547465
Disability Law Center, Inc.
30 Industrial Drive, East
Northampton, MA 01060
(413) 584-6337