UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11248 RCL

| | |
|---|---|
| DISABILITY LAW CENTER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNEDY-DONOVAN CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Now comes Plaintiff, the Disability Law Center, Inc. ("DLC" or "Plaintiff"), in the above-captioned matter and moves that this Court enjoin the Defendant from refusing to provide records and guardian contact information so as to permit DLC from fulfilling its statutory duty of investigating allegations of abuse and neglect, as well to provide protection and advocacy services for individuals with developmental disabilities. As grounds for this Motion, Plaintiff states as follows:

1. Plaintiff brings this Motion for Preliminary Injunction to obtain relevant records, including a list of guardians and their contact information for all children and adolescents who have attended the Kennedy-Donovan Center School ("KDCS"), located in New Bedford, Massachusetts, for any period of time from January 2001 to the present. DLC is also requesting any and all records, reports, or forms produced relating to an internal investigation at KDCS concerning serious allegations of abuse and neglect by staff against students.

2. DLC requests that this Court enjoin the Defendant, Kennedy-Donovan Center, Inc. ("KDC") from interfering, in any way, with DLC's investigation of KDC.

3. The above-referenced information is necessary for DLC to fulfill its statutory mandate, under 42 U.S.C. §15043, as the Protection and Advocacy Agency for persons with developmental disabilities in the Commonwealth of Massachusetts, to investigate allegations of abuse and neglect brought to its attention.

4. Plaintiff meets the requirements for a Preliminary Injunction. DLC is likely to succeed on the merits of its claim that KDC's actions were unlawful. DLC, as a Protection and Advocacy Organization, has a right to the records that are being requested. If KDC does not release the records to DLC, DLC will suffer irreparable harm because DLC cannot fulfill its statutory obligation to investigate abuse and neglect, as well as to provide protection and advocacy services to students who have been, and may still be, at risk of abuse. There will be no harm to KDC because the release of records to a P&A does not violate the confidentiality provisions of the Family Educational and Privacy Rights Act ("FERPA"), 20 U.S.C.§ 1232g, or the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.§ 1400 *et. seq.* Lastly, the public interest will not be harmed, but rather furthered by DLC having access to the records and in preventing harm to students at KDCS. Congress drafted the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15001, *et. seq.*, because of the concern it had over abuse of developmentally disabled persons such as the allegations made in the instant matter.

Attached hereto in support of Plaintiff's Motion for Preliminary Injunction are the following:

(a) Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction;

(b) Affidavit of Venilde Cabral;

(c) Affidavit of Bernice Forcier, R.N;

(d) Affidavit of Patricia Campbell;

(e) Affidavit of Christine M. Griffin, Esq.

DISABILITY LAW CENTER, INC.
Plaintiff,

By attorneys,

Date: 6/8/04

*[signature]*
Janine A. Solomon, BBO# 567964
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723-8455

*[signature]*
Matthew Engel, BB0 #547465
Disability Law Center, Inc.
30 Industrial Drive, East
Northampton, MA 01060
(413) 584-6337