UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DISABLE LAW CENTER<br>Plaintiff<br><br>v.<br><br>KENNEDY DONOVAN CENTER, INC.<br>Defendant | CIVIL ACTION NO. 04-11248 JLT |

### ANSWER OF KENNEDY-DONOVAN CENTER, INC.
### TO PLAINTIFF'S COMPLAINT

1. Paragraph 1 is a conclusory statement, and does not require an answer. To the extent that Paragraph 1 includes factual allegations, Defendant Kennedy-Donovan Center (hereinafter KDC) admits that Kennedy-Donovan Center School (hereinafter referred to as the School) is located in New Bedford, Massachusetts, but denies all other allegations contained in Paragraph 1.

2. Paragraph 2 is a conclusory statement, and does not require an answer. To the extent that Paragraph 2 includes factual allegations, Defendant KDC denies all other allegations contained in Paragraph 2.

3. Paragraph 3 is a conclusory statement, and does not require an answer. To the extent that Paragraph 3 includes factual allegations, Defendant KDC has insufficient knowledge of the truth of the allegations contained in Paragraph 3, and therefore denies the same.

4. Paragraph 4 is a conclusory statement, and does not require an answer. To the extent that Paragraph 4 includes factual allegations, Defendant KDC has insufficient knowledge of the truth of the allegations contained in Paragraph 4, and therefore denies the same.

5. Defendant KDC has insufficient knowledge of the truth of the allegations contained in Paragraph 5, and therefore, denies the allegations contained in Paragraph 5.

6. Defendant KDC admits that KDC is a Massachusetts non-profit corporation, duly established under Massachusetts Law, and that it provides services to infants, children, and adults, some of whom present with developmental disabilities. Defendant further admits that its main office is located at 1 Commercial Street, Foxoboro, Massachusetts,

02035, and that the School, located at 19 Hawthorne Street, New Bedford, Massachusetts, is an approved private special education day school providing special education and related services to disabled children ages 3-22, some of whom have developmental disabilities. Defendant denies all other allegations contained in Paragraph 6.

7. Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 7, and therefore, denies the allegations contained in Paragraph 7.

8. Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 8, and therefore, denies the allegations contained in Paragraph 8.

9. Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 9, and therefore, denies the allegations contained in Paragraph 9.

10. Defendant admits that, when Ms. Campbell abruptly resigned and handed in her resignation letter, the administration of KDC determined that an immediate, thorough investigation into the allegations contained in the letter had to be conducted, and did conduct such an investigation. Defendant denies any other allegations contained in Paragraph 10.

11. Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 11, and therefore, denies the allegations contained in Paragraph 11.

12. Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 12, and therefore, denies the allegations contained in Paragraph 12.

13. Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 13, and therefore, denies the allegations contained in Paragraph 13.

14. Defendant states that there was a series of correspondence between DLC and KDC, either through its employees or its attorney, between the dates of December 17, 2003 and February 25, 2004, that those letters speak for themselves, and are attached to the Affidavit of Ann Taylor, submitted with Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction, and to the extent that Paragraph 14 is not a verbatim recitation of each of those letters, Defendant denies the allegations contained in Paragraph 14.

15. Defendant states that there was a series of correspondence between DLC and KDC, either through its employees or its attorney, between the dates of December 17, 2003 and February 25, 2004, that those letters speak for themselves, and are attached to the Affidavit of Ann Taylor, submitted with Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction, and to the extent that Paragraph 15 is not a verbatim recitation of each of those letters, Defendant denies the allegations contained in Paragraph 15.

16. Defendant admits that it did not provide DLC with information and records because of its belief that to do so would violate federal and state law. Defendant has insufficient knowledge of the truth of the other allegations contained in Paragraph 16, and therefore, denies the other allegations contained in Paragraph 16.

17. Defendant reasserts and incorporates by reference its answers to Paragraph 1 through 16 of the Complaint as if stated fully herein.

18. Paragraph 18 does not require an answer, since it is a conclusory statement of law. However, to the extent that it contains factual allegations, Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 18, and therefore, denies the allegations contained in Paragraph 18.

19. Paragraph 19 does not require an answer, since it is a conclusory statement of law. However, to the extent that it contains factual allegations, Defendant has insufficient knowledge of the truth of the allegations contained in Paragraph 19, and therefore, denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. To the extent that the Prayer for Relief alleges facts that are inconsistent with the Answer of Defendant KDC and Defendant KDC's Opposition to Plaintiff's Motion for a Preliminary Injunction, Defendant KDC denies the allegations contained in the Prayer for Relief.

## DEFENSES

24. KDC asserts and incorporates by reference the legal arguments presented in its Opposition to Plaintiff's Motion for a Preliminary Injunction, as if fully stated herein, and raises the legal arguments as defenses within the Answer to the Complaint.

Respectfully submitted,
DEFENDANT KENNEDY DONOVAN CENTER, INC.
By Its Attorney,

_____
Regina Williams Tate, BBO #492780
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126

Dated: August 5, 2004   Telephone: (617) 479-5000


CERTIFICATE OF SERVICE

I, Regina Williams Tate, hereby certify that I have this day forwarded a copy of the foregoing document to Janine A. Solomon, Esq., Disability Law Center, 11 Beacon Street, Suite 925, Boston, MA 02108 and Matthew Engel, Esq., Disability Law Center, Inc., 30 Industrial Drive East, Northampton, MA 01060, attorneys for Plaintiff Disability Law Center, Inc.

_____    _____
Dated                         Regina Williams Tate

4