UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DISABILITY LAW CENTER, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 04-11248-JLT |
| | * | |
| | * | |
| KENNEDY-DONOVAN CENTER, INC., | * | |
| | * | |
| Defendant. | * | |

ORDER

November 30, 2004

TAURO, J.

This court hereby orders that:

1. Kennedy-Donovan Center, Inc. ("KDC") shall permit the Disability Law Center, Inc. ("DLC") access to documents and information, as defined below in paragraphs 1a-c, 2, and 3 of this Order:

    a. The student record, as defined by FERPA and 603 C.M.R. § 23.00 *et seq.* of all students who attended the Kennedy-Donovan School located in New Bedford, MA ("the School") from January 2001 up to and including December 17, 2003,[1] the date of DLC's demand letter for certain information, to the extent that KDC still has copies of those records in its

---

[1] In the event that DLC, after conducting the investigation outlined in paragraphs 1a-c, determines that it needs to review documents beyond the December 17, 2003 date, then DLC shall provide reasonable, written notice to the School of the documents needed and the reasons for such need.

possession. In order to comply with this paragraph, KDC is not required to request copies of any records from any sending school or Local Educational Agency ("LEA");

b. All documents, kept by KDC in the normal course of its business, which describe or relate to any internal investigation conducted by KDC into allegations of abuse and neglect, as defined by M.G.L. ch. 119, § 51A, at the School from January 2001 up to and including December 17, 2003. These documents include those documents referred to in 45 C.F.R. § 1386.22 (a)-(d), and more specifically:

    1. Incident Reports;

    2. Complaints of abuse and neglect filed by family members, guardians, and staff on behalf of any of the students;

    3. Documents, including personnel records, prepared or maintained by KDC in connection with such allegations of abuse and neglect;

    4. Any reports written by any staff member of KDC concerning the results of interviews and the investigation, as well as supporting information that was relied upon in creating such reports, including any documents which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the investigatory findings; and

        5.    Any report prepared by any federal or state agency with responsibility for monitoring the School;

    c.    A guardian contact list for all students who attended the School from January 2001 to December 17, 2003. The contact list will contain the name of the guardian(s), the address, and phone number;

2.    DLC shall have the right to review the documents outlined above and determine which, if any, documents it wishes to copy. The documents to be reviewed may be either at the offices of Murphy, Hesse, Toomey & Lehane or at the School. DLC shall give KDC, through its attorney, reasonable notice of the dates and times it wishes to inspect the documents outlined above. A schedule of the dates and times for such inspection shall be mutually agreed upon and both parties shall cooperate in the scheduling of such inspection. If and when DLC needs to visit the School to inspect certain documents, DLC will conduct itself in a manner that is least disruptive to the School's daily operations. KDC will not interfere in any manner with DLC's investigation, so long as DLC abides by the terms above. KDC will copy those documents identified by DLC for copying at a cost not to exceed fifteen cents/page ($.15); and

3.    For purposes of this Order the following definitions shall apply:

    a.    "Documents" shall include correspondence, printed statements, memoranda, as well as photographs. Documents, however, shall not include those documents which are protected by the attorney-client privilege.

      b.    "Student record" shall include those records identified as student records by FERPA and 603 C.M.R. § 23.00 *et seq*.

IT IS SO ORDERED.

                                                                       /s/ Joseph L. Tauro  
                                                        United States District Judge